UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PIA BEATY,  ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:12-cv-01807-RCJ-NJK |
| vs. ) | |
| ) | |
| SANTA ROSA III HOA, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This case arises out of an HOA unit owner's dissatisfaction with the location of her unit. Pending before the Court are a Motion to Dismiss (ECF No. 8), a Motion for Summary Judgment (ECF No. 11), and several other motions. For the reasons given herein, the Court grants the Motion to Dismiss and denies all other pending motions.

I.   FACTS AND PROCEDURAL HISTORY

Pro se Plaintiff Pia Beaty purchased a unit within Defendant Santa Rosa III HOA in North Las Vegas, Nevada sight unseen from her previous residence in Las Angeles County, California, completing the purchase via telephone, internet, and mail on October 14, 2009. (Compl. 8–9, Oct. 15, 2012, ECF No. 1). She is dissatisfied with that purchase, alleging that unbeknownst to her at the time of purchase, her unit was on the edge of the development. She therefore believed, based upon a Google Maps search, that a park on the other side of the fence were a part of the development. She is also dissatisfied that persons can see her exterior Jacuzzi area from the park, that there is damage to the wall from a tree planted in the park, that she has no easement over the park, and that her lot adjoins non-development property in general. Plaintiff sued

1  Defendant in this Court on fourteen causes of action: (1)–(12) Misrepresentation; and (13)–(14)
2  unspecified violations of federal law pursuant to 42 U.S.C. § 1983.  Defendants have moved to
3  dismiss.  Plaintiff has moved for offensive summary judgment.  Plaintiff has filed two motions in
4  limine.  Defendant has filed motions to strike one of the motions in limine, and to compel initial
5  disclosures and for sanctions.

6  **II.  DISCUSSION**

7  The Court dismisses for lack of subject matter jurisdiction.  The parties are both Nevada
8  citizens, (*see* Compl. ¶¶ 29–30), and all the claims are state law claims, except for the § 1983
9  claims, which are plainly not viable.  The first § 1983 claim is based upon the allegation that
10 Defendant's actions violate Plaintiff's Fifth Amendment right to due process before the taking of
11 her property or liberty.  The Court will treat the claim as a Fourteenth Amendment due process
12 claim, as Defendant is alleged to have acted under color of state law.  The claim is based upon
13 alleged misrepresentations made to Plaintiff via the CC&R.  This is a misrepresentation claim
14 that does not sound in due process, even if Defendant could be considered a state actor for the
15 purposes of § 1983, which it cannot be.  Defendant is not a state actor simply because it was
16 permitted or required by Chapter 116 of the Nevada Revised Statutes to promulgate the CC&R.
17 If that theory of state action were viable, nearly every commercial actor would be subject to suit
18 under § 1983 for its routine acts, because state regulation touches nearly every corner of
19 commercial activity.  State actors for the purposes of § 1983 are those who act on behalf of the
20 state, not simply those whose actions are governed by the state's regulations.  Plaintiff has not
21 and cannot allege that Defendant acted on behalf of the state.  The second § 1983 claim appears
22 to be some sort of *Monell*-type claim.  That claim is also not viable, for the same reason.  The
23 remaining claims are state law misrepresentation claims, but there is no diversity of citizenship.
24 ///
25 ///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that all other pending motions are DENIED.

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 25th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge